IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01553-REB-KLM

THE PHOENIX INSURANCE COMPANY, a Connecticut insurance company, and
ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Minnesota insurance company,

    Plaintiffs,

v.

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, a Kansas insurance company,
TRINITY UNIVERSAL INSURANCE OF KANSAS, a Kansas insurance company,
TRINITY UNIVERSAL INSURANCE COMPANY, a Texas insurance company,
ZURICH AMERICAN INSURANCE COMPANY, a New York insurance company,
STATE FARM FIRE AND CASUALTY COMPANY, an Illinois insurance company, and
MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico insurance company,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Trinity Universal Insurance Company of Kansas', Trinity Universal Insurance of Kansas', and Trinity Universal Insurance Company's Motion for Protective Order re: the Phoenix Insurance Company and St. Paul Surplus Lines Insurance Company's Notice of Deposition of Trinity Universal Insurance Company of Kansas, Trinity Universal Insurance of Kansas, and Trinity Universal Insurance Company** [Docket No. 108; Filed June 12, 2013] (the "Motion"). In the Motion Defendants Trinity Universal Insurance Company of Kansas, Trinity Universal Insurance of Kansas, and Trinity Universal Insurance Company (the "Trinity Defendants") seek a protective order regarding a notice of deposition served on the Trinity Defendants. *Motion* [#108] at 1-2. Pursuant to the Scheduling Order [#24] governing this case, the Motion is premature. *See Sched. Ord.* [#56] at 14, ¶ 8(d) (incorporating by reference "Section E.1" of the Order Setting Scheduling/Planning Conference [#5]). The Order Setting Scheduling/Planning Conference [#5] provides as follows:

    No opposed discovery motions are to be filed with the Court until the parties
    comply with D.C.COLO.LCivR 7.1A. If the parties are unable to reach

1

>agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. **Both of these steps must be completed before any contested discovery motions are filed with the Court**.

*Order Setting Scheduling/Planning Conference* [#11] at 2, § E.1 (emphasis added).

Plaintiff has not arranged a conference call to set a hearing regarding the instant discovery dispute. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#108] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that neither party shall file a contested discovery motion until after complying with the steps for following the Magistrate Judge's discovery dispute procedure, as stated below:

>*Step 1*: Counsel meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1A. Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.

>*Step 2*: If discovery disputes are not resolved, counsel then agree on a mutually convenient time to call the Court at (303) 335-2770 for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement.

>No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.

>The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

>The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

>*Step 3*: When counsel call the Court for the discovery hearing, the judge's law clerks

will ask counsel questions relating to the nature of the dispute. The law clerks will consult with the judge as necessary. If the judge determines that any documents are required for review prior to the hearing, counsel will be instructed to email such documents to the Court's chambers, and the hearing will be set at a mutually convenient date and time in the future.

*Step 4*: If no documents are necessary for review and the judge is immediately available, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

Dated:  June 17, 2013