IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01553-REB-KLM

THE PHOENIX INSURANCE COMPANY, a Connecticut insurance company; and
ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Minnesota insurance company,

    Plaintiffs,

v.

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, a Kansas insurance company;
TRINITY UNIVERSAL INSURANCE OF KANSAS, a Kansas insurance company;
TRINITY UNIVERSAL INSURANCE COMPANY, a Texas insurance company;
ZURICH AMERICAN INSURANCE COMPANY, a New York insurance company;
STATE FARM INSURANCE COMPANY, an Illinois insurance company; and
MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico insurance company,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Trinity Universal Insurance Company of Kansas, Trinity Universal Insurance of Kansas, and Trinity Universal Insurance Company's (the "Trinity Defendants") **Motion for Leave to Designate Non-Parties at Fault** [Docket No. 81; Filed April 1, 2013] (the "Motion"). On April 26, 2013, Plaintiffs filed a Response [#95]. On May 9, 2013, the Trinity Defendants filed a Reply [#100]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Motion [#81] is **DENIED**.

1

## I. Factual Background

This case is brought by a general contractor's insurer against the insurers of various subcontractors seeking contribution for the defense costs associated with a lawsuit brought against the general contractor. More specifically, Okland Construction Company, Inc. ("Okland") served as the general contractor for the construction of the Rivergate Loft Condominiums (the "Project"). *See Amended Complaint* [#11] at ¶¶ 21-22. Plaintiffs Phoenix Insurance Company and St. Paul Surplus Lines Insurance Company (collectively, "Travelers" or "Plaintiffs") insured Okland as the general contractor for the Project (the "Travelers Policy"). *Response* [#95] at 2. In constructing the Project, Okland contracted with several subcontractors, including Beaty Construction Company ("Beaty"). *Amended Complaint* [#11] at 4-5; *see Motion* [#81] at 2. Beaty was insured by the Trinity Defendants. *Response* [#95] at 2.

On January 13, 2010, Rivergate Loft Condominium Owners Association ("RLCOA") filed a lawsuit against Okland and others (the "Underlying Action"), alleging construction defects and property damage in connection with the Project. *See Amended Complaint* [#11] 4; *Response* [#95] at 3. Plaintiffs allege that "prior to the start of trial in the Underlying Action," they settled with the RLCOA. *Amended Complaint* [#11] at ¶ 27.

On June 15, 2011, Plaintiffs commenced the present action, seeking to recover amounts that they allege various subcontractors' insurers were obligated to contribute toward Okland's defense. *See generally Compl.* [#1]. On July 31, 2011, Plaintiffs filed an Amended Complaint [#11], stating three claims for relief against all Defendants. First, pursuant to their right of equitable subrogation, Plaintiffs assert a claim for reimbursement of fees and costs incurred in defending Okland in the Underlying Action. *See Amended*

2

*Complaint* [#11] at 7-8.  Second, pursuant to their rights of contribution and equitable contribution, Plaintiffs assert a claim to recover various subcontractors' insurers' proportionate shares of fees and costs incurred in defending Okland in the Underlying Action.  *Id.* at 8-9.  Third, Plaintiffs assert a claim for declaratory relief stating that the subcontractors' insurance policies provided for Okland's defense on a primary basis and the Travelers Policy provided for Okland's defense on an excess basis.  *Id.* at 9-10.

Through the Motion, the Trinity Defendants ask the Court to extend the deadline for designation of nonparties at fault so they may name additional subcontractors and their insurers as nonparties at fault.  *See generally Motion* [#81]; *Designation of Nonparties* [#81-1].  In support of the Motion, the Trinity Defendants rely on C.R.S. § 13-21-111.5(3)(b), *see Motion* [#81] at 2, which allows the Court to consider the negligence or fault of nonparties when assessing a defendant's liability.  Defendants acknowledge that they failed to designate nonparties at fault within the statutorily-prescribed ninety-day period, *see Motion* [#81] at 2-3, but argue that the Court should allow them a longer period of time in which to designate nonparties at fault because not all parties had responded to Plaintiffs' Amended Complaint [#11] when the period ended.  *Id.*  The Trinity Defendants further argue that they will suffer prejudice if the Motion is not granted.  See *id.* at 3.

Plaintiffs respond with a number of arguments in opposition to the Motion.  First, Plaintiffs argue that nonparties at fault cannot be designated in the present action because the present action concerns only claims based in contract.  *Id.* at 4-8.  Second, Plaintiffs argue that the Trinity Defendants do not satisfy any of the factors that courts consider when determining whether to extend the ninety-day period.  *Id.* at 8-11.  Third, Plaintiffs argue that the Trinity Defendants failed to adequately state the basis of each proposed nonparty's

3

fault. *Id.* at 11. Fourth, Plaintiffs argue that the Trinity Defendants will suffer no prejudice if the Court denies the Motion. *Id.* at 12-14. Finally, Plaintiffs argue that joining the subcontractors and their insurers as defendants is preferable to designating them as nonparties at fault. *Id.* at 14-15.

In their Reply, the Trinity Defendants argue that they should be allowed to designate nonparties at fault because recent case law suggests that insurers may only be liable for Plaintiffs' alleged costs and damages on a *pro rata* basis. *Reply* [#100] at 2-3. Therefore, the Trinity Defendant argue, the designation of nonparties is crucial to ensuring that the named Defendants and any other party who may be at fault are treated equally. *Id.* The Trinity Defendants further argue that they were delayed in designating nonparties at fault because they needed time to investigate and review documents. *Id.* at 5. Finally, the Trinity Defendants revisit arguments advanced in their Motion and conclude by stating that they will be prejudiced if the Motion is not granted. *Id.* at 6-8.

## II. Analysis

This Court, sitting in diversity, is bound by Colorado statutes when deciding questions of substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In determining a defendant's liability, Colorado's Pro-Rata Liability Statute, C.R.S. § 13-21-111.5, allows the Court to consider the negligence or fault of nonparties. Specifically, a defendant may give written notice designating nonparties believed to be wholly or partially at fault for the injury at issue. For a designation of a nonparty to be proper, the moving party must give notice of the designation within ninety days of the commencement of the action, unless the Court considers a longer period necessary. C.R.S. § 13-21-111.5(3)(b). The notice must set forth the "nonparty's name and last-known address, or the best

identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." C.R.S. § 13-21-111.5(3)(b).

Section 13-21-111.5 was passed by the Colorado General Assembly in 1986 as a part of its tort reform package. *See* Robert E. Benson, *Application of the Pro Rata Liability, Comparative Negligence and Contribution Statutes*, 23 Colo. Law. 1717, 171 7 (1994). The statutory change that resulted in § 13-21-111.5(1) "was intended to cure the perceived inequity under the common law concept of joint and several liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite the fact that another wrongdoer, who was not held accountable, contributed to the result." *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997). Colorado courts have held that the comparative negligence statute is applicable to pecuniary losses as well as to injuries to person or property. *See Robinson v. Poudre Valley Fed. Credit Union*, 654 P.2d 861, 863 (Colo. App. 1982); *Darnell Photographs Inc. v. Great American Ins.*, 519 P.2d 1225, 1226 (Colo. App. 1974).

Because the statute was designed to apply to tort claims, courts have held that the statute is inapplicable to contract claims. *See Trustees of Colorado Laborers' Health & Welfare Trust Fund v. American Benefit Plan Adm'rs, Inc.*, No. 04-cv-02630-EWN-OES, 2005 WL 1661079, at *2 (D. Colo. July 14, 2005) (striking designation of nonparties and concluding "that the comparative fault statute does not apply to claims that are premised upon contract"); *Core-Mark Midcontinent, Inc. v. Conitrol Corp.*, 300 P.3d 963, 976 (Colo. App. 2012) (holding that Section 13-21-111.5 does not apply to breach of contract claims). However, "[a]lthough C.R.S. § 13-21-111.5 appears to apply only to tort claims, the Tenth

Circuit has recognized that certain claims, although nominally designated as contract claims, nevertheless turn on the application of tort-like duties, thereby warranting application of C.R.S. § 13-21-111.5." *Sterling Const. Mgmt., LLC v. Steadfast Ins. Co.*, No. 09-cv-02224-MSK-MJW, 2011 WL 3903074, at *6 (D. Colo. Sept. 06, 2011) (citing *FDIC v. Clark*, 978 F.2d 1541, 1552 (10th Cir.1992)). In *FDIC v. Clark*, the plaintiff brought claims of "professional negligence and/or breach of and implied warranty of professional capacity and ability" against two lawyers, 978 F.2d at 1543, arguing that the lawyers engaged in professional malpractice. 978 F.2d at 1551. When the trial court proposed instructing the jury in accordance with C.R.S. § 13-21-11.5, the plaintiff objected, arguing that "its claim was one for breach of implied warranty . . . and thus was a breach of contract claim not subject to Colorado's proportionate liability statute." *Id.* The trial court noted that "the negligence and contract claims . . . should be merged into one hybrid 'tort claim for malpractice.'" *Id.* The Tenth Circuit agreed with that characterization, finding that "while the question of whether the relationship exists requires a general contractual analysis, the question of whether one exercised a duty arising out of that contract sounds in tort," and affirmed the trial court's use of the comparative fault instruction. *Id.*

Every contract in Colorado contains an implied duty of good faith and fair dealing. *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003). In most contractual relationships, a breach of this duty will only result in damages for breach of contract and will not give rise to tort liability. *Id.* at 466; *see Wheeler v. Reese*, 835 P.2d 572, 578 (Colo. App. 1992). However the Colorado Supreme Court has held that insurance contracts are unlike ordinary bilateral contracts. *Goodson v. American Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004) (citing *Cary*, 68 P.3d at 466; *Huizar v. Allstate Ins. Co.*, 952

P.2d 342, 344 (Colo. 1998)). In *Goodson*, the Colorado Supreme Court noted that the motivation for entering into an insurance contract is different because "insureds enter into insurance contracts for the financial security obtained by protecting themselves from unforeseen calamities and for peace of mind, rather than to secure commercial advantage." *Id.* (citing *Cary*, 68 P.3d at 467; *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1141 (Colo. 1984)). The Court also noted the disparity of bargaining power between the insurer and the insured, explaining that "because the insured cannot obtain materially different coverage elsewhere, insurance policies are generally not the result of bargaining." *Id.* (citing *Huizar*, 952 P.2d at 344). For these reasons and due to the "special nature of the insurance contract and the relationship which exists between the insurer and the insured," an insurer's breach of the duty of good faith and fair dealing gives rise to a separate cause of action arising in tort. *Cary*, 68 P.3d at 466 (citing *Trimble*, 691 P.2d at 1141).

The basis for tort liability for a bad faith claim is the insurer's conduct in unreasonably refusing to pay a claim to, and/or failing to act in good faith toward, its insured. *Goodson*, 89 P.3d at 414. Here, there is no allegation of bad faith on the part of any party. As noted above, Plaintiffs' Amended Complaint states three claims for relief: equitable subordination, equitable contribution, and declaratory relief regarding the relative primacy of the insurance policies. *See Amended Complaint* [#11] at 7-10. In addition, the Trinity Defendants' Designation of Nonparties does not allege that any of the proposed nonparties acted in bad faith. *See generally Designation of Nonparties* [#81-1]. As a result, the Court finds that the allegations in the instant action are not the type of contract claims that are "merely tort claims in a contractual wrapper," *Sterling Const.*, 2011 WL 3903074, at *6, but rather regular contract claims to which Section 13-21-111.5 does not apply. *See*

*Trustees of Colorado Laborers' Health & Welfare Trust Fund* , 2005 WL 1661079, at *2 (striking designation of nonparties and concluding "that the comparative fault statute does not apply to claims that are premised upon contract"); *Core-Mark Midcontinent, Inc.*, 300 P.3d at 976 (holding that Section 13-21-111.5 does not apply to breach of contract claims). This finding is fatal to the Trinity Defendants' Motion. Accordingly, the Court will not address Plaintiffs' remaining arguments.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#81] is **DENIED**.

Dated: August 26, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge