**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01553-REB-KLM

THE PHOENIX INSURANCE COMPANY, a Connecticut insurance company, and
ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Connecticut insurance company,

    Plaintiffs,

v.

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, a Kansas insurance company,
TRINITY UNIVERSAL INSURANCE OF KANSAS, a Kansas insurance company,
TRINITY UNIVERSAL INSURANCE COMPANY, a Texas insurance company, and
MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico insurance company,

    Defendants

## ORDER RE: MOTIONS TO EXCLUDE EXPERT TESTIMONY

**Blackburn, J.**

The matters before me are **Plaintiffs' Motion To Exclude Defendant Mountain States Mutual Casualty Company's Expert Report and Testimony** [#119],[1] filed June 24, 2013; and (2) **Plaintiff's Motion To Exclude Trevor Cofer's Expert Report and Testimony** [#120], filed June 24, 2013. I grant the motion to exclude the testimony of the purported legal expert and deny as moot the motion to exclude Mr. Cofer's opinions.

Plaintiffs' motions implicate Rule 702 of the Federal Rules of Evidence, which

---

[1] "[#119]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

governs the admissibility of expert witness testimony. Rule provides that

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

**FED. R. EVID.** 702. As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.****,* 360 F.3d 1206, 1210 (10th Cir. 2004).

Mr. Cofer was a rebuttal expert witness proffered by defendant State Farm Fire and Casualty Company on the issue of the reasonableness of the defense costs incurred in the underlying action. As State Farm has now been dismissed from this suit (***see*** **Order of Dismissal as to State Farm Fire & Casualty Company, Only** [#158], filed July 30, 2013), the relief requested by the motion is now moot. I thus deny it on that basis.

The remaining motion implicates defendant Mountain States Mutual Casualty Company's ("Mountain States") purported expert, Mr. Art Downey, a retired attorney with

experience in the areas of insurance law and the insurance industry.  Plaintiffs object to this testimony as usurping the court's role to be the sole source of the trier's understanding of the relevant legal standards.

I agree.  It is "the court's duty to set forth the law" applicable to the facts presented at trial.  **Specht v. Jensen**, 853 F.2d 805, 808 (10th Cir. 1988) (en banc), **cert. denied**, 109 S.Ct. 792 (1989).  The Tenth Circuit court has affirmed that "[t]here is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness.  While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury."  **Id.** at 808-09.  In addition to the danger of confusion inherent in allowing such testimony about legal conclusions to be drawn from the facts, "testimony which articulates and applies the relevant law . . . circumvents the jury's decision-making function by telling it how to decide the case."  **Id.** at 808.

For these reasons, "when the purpose of the testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed."  **Id.** at 810.  **See also Anderson v. Suiters**, 499 F.3d 1228, 1237 (10th Cir. 2007) ("[W]hile expert witnesses may testify as to the ultimate matter at issue . . . this refers to testimony on ultimate facts:  testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored.").  Thus, the line between admissible and excludable testimony under **Specht** is this:

> an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function.  However, when the purpose of testimony is to direct the jury's

> understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

*Id.* at 809-10.

Of particular relevance in this case, this matter is set for trial to the court, not a jury, as the parties apparently – and mistakenly – assume. (*See* **Trial Preparation Conference Order** ¶ 2 at 4 [#54], filed December 3, 2012.) Having reviewed Mr. Downey's report, as well as Mountain States' articulation of the matters about which he will be asked to testify (*see* **Plf. Motion App.**, Hesselgesser Decl., Exh. C [#121], filed June 24, 2013; **Def. Resp.** at 2-3 [#130], filed July 15, 2013), I conclude that I am more than adequately versed in the legal precepts addressed therein such that Mr. Downey's testimony will not be helpful to my resolution of the issues inherent to the case. I therefore grant the motion to exclude such testimony.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion To Exclude Defendant Mountain States Mutual Casualty Company's Expert Report and Testimony** [#119], filed June 24, 2013, is **GRANTED**; and

2. That **Plaintiff's Motion To Exclude Trevor Cofer's Expert Report and Testimony** [#120], filed June 24, 2013, is **DENIED AS MOOT**.

Dated September 9, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge