**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-01553-REB-KLM

THE PHOENIX INSURANCE COMPANY, a Connecticut insurance company, and
ST. PAUL SURPLUS LINES INSURANCE COMPANY, a Connecticut insurance company,

    Plaintiffs,

v.

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, a Kansas insurance company,
TRINITY UNIVERSAL INSURANCE OF KANSAS, a Kansas insurance company,
TRINITY UNIVERSAL INSURANCE COMPANY, a Texas insurance company, and
MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico insurance company,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) **Recommendation of United State Magistrate Judge** [#176],[1] filed August 29, 2013; and (2) **Plaintiffs' Objections to Magistrate Recommendation Re: Cross-Motions for Summary Judgment Between Plaintiffs and Trinity Universal Insurance Company of Kansas, Trinity Universal Insurance of Kansas, and Trinity Universal Insurance Company** [#192], filed September 12, 2013.  I overrule the objections and approve and adopt the recommendation as an order

---

[1] "[#176]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

of this court.

As required by 28 U.S.C. § 636(b), I reviewed *de novo* all portions of the recommendation to which objections have been filed, and considered carefully the recommendation, objections, and applicable caselaw. The recommendation is detailed and well-reasoned. Plaintiffs' settlement agreement (and the declaration submitted in support of their sole objection) is insufficient to demonstrate that the Trinity defendants are not entitled to credit in the full amount of the $75,000. I agree with the magistrate judge that "[p]laintiffs cannot stand in [the insured's] shoes in seeking reimbursement of defense costs from the Trinity Defendants and, at the same time, ignore the agreement [the insured] entered into with the Trinity Defendants' insured." (**Recommendation** at 27.)

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in **Plaintiffs' Objections to Magistrate Recommendation Re: Cross-Motions for Summary Judgment Between Plaintiffs and Trinity Universal Insurance Company of Kansas, Trinity Universal Insurance of Kansas, and Trinity Universal Insurance Company** [#192], filed September 12, 2013, are **OVERRULED**;

2. That the **Recommendation of United State Magistrate Judge** [#176], filed August 29, 2013, is **APPROVED AND ADOPTED** as an order of this court;

3. That **Plaintiffs' Motion for Partial Summary Judgment Re: Allocation of Damages** [#126], is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. That the motion is **GRANTED** insofar as it seeks a declaration that defendants, Trinity Universal Insurance Company of Kansas; Trinity Universal Insurance of Kansas; and Trinity Universal Insurance Company are liable for defense costs and fees incurred after April 6, 2011, relating to work performed by their insured, Beaty Construction Company, on the Rivergate Loft Condominiums project on a dollar-for-dollar basis up to the applicable policy limits, subject to a $75,000 credit; and

    b. That in all other respects, the motion is **DENIED**; and

4. That **Defendants Trinity Universal Insurance Company of Kansas, Trinity Universal Insurance of Kansas, and Trinity Universal Insurance Company's Motion for Summary Judgment** [#128], is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion is **GRANTED** insofar as it pertains to defendants' contentions (1) that they are not responsible for defense costs incurred prior to April 6, 2011, relating to allegations in the underlying action regarding work performed by Beaty Construction Company on the Rivergate Loft Condominiums project on a dollar-for-dollar basis up to the applicable policy limits; and (2) that they are entitled to a credit of $75,000 against the amount of defense costs owed; and

   b.  That in all other respects, the motion is **DENIED**.[2]

Dated September 23, 2013, at Denver, Colorado.

                **BY THE COURT:**

                */s/ Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge

---

[2] Accordingly, it appears that the only issue remaining for trial is the amount of defense costs for which the Trinity defendants are responsible.